UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

IRIS FARRUGIA,                                          Case No. 23-cv-
                                                       Hon.
                              Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

                              Defendant.

| | |
|---|---|
| ERIC STEMPIEN (P58703)<br>LAUREN A. GWINN (P85050)<br>STEMPIEN LAW, PLLC<br>Attorneys for Plaintiff<br>38701 Seven Mile Road, Suite 130<br>Livonia, MI 48152<br>(734)744-7002<br>eric@stempien.com<br>lgwinn@stempien.com | |

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Iris Farrugia, by and through her attorneys, Stempien Law, PLLC,

hereby complains against Defendant Federal Express Corporation, and in support

thereof states:

1. Plaintiff Iris Farrugia ("Farrugia" or "Plaintiff") is a resident of the City of

   Wyandotte, Wayne County, Michigan.

1

2. Defendant Federal Express Corporation ("FedEx" or "Defendant") is a Foreign Profit Corporation located in the City of Plymouth, Wayne County, Michigan.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §2000e, et. seq.

**<u>GENERAL ALLEGATIONS</u>**

4. Farrugia was employed by Defendant FedEx at all relevant times.

5. Farrugia is an African American female.

6. Throughout Farrugia's employment with Defendant, FedEx employee Shadia Hamadeh ("Hamadeh") had exhibited concerning and discriminatory behavior toward Farrugia and another co-worker, Kim Dupree.

7. Hamadeh would call Farrugia's boyfriend, "Uncle Tom" because Tom, a white male, was dating Farrugia.

8. Hamadeh would call Farrugia ugly and hiss like a cat whenever Farrugia was around.

9. Hamadeh told Farrugia that she believed black women like Farrugia worked for her.

10. Hamadeh regularly used racial slurs while directing Farrugia.

2

11. Plaintiff was brought into the management's office to give a statement regarding Hamadeh's harassment of Kim Dupree, ending in Hamadeh's suspension.

12. Following that meeting, a coworker began to scream at Plaintiff, falsely stating that Plaintiff had pushed her freight.

13. When Hamadeh returned, Plaintiff was again called to management's office, wherein she was given a warning for the freight incident the prior week.

14. Hamadeh continued to harass Plaintiff.

15. Plaintiff reported the continued harassment to Human Resources but those complaints were ignored by Defendant.

16. Defendant's HR department skipped steps in the reporting process and allowed the harassment to continue against Plaintiff.

17. On one instance, Farrugia won a prize for the Safety Day celebration, but when she went to receive her prize, Monique Davis told her she was "too late" and would not receive the prize.

18. On another instance, Farrugia had called security about an individual piggy-backing on her card swipe without an ID.

19. Airport security sent an officer to check his credentials.

20. Plaintiff timely reported the incident to her team lead, Toni, and airport security.

21. Defendant suspended Plaintiff from her job for reporting that an individual had entered the secured area of the airport without proper credentials.

22. Following her suspension, Plaintiff was allowed to return to work, but was issued a written warning letter for not stopping the individual who illegally entered the secured area.

23. On April 14, 2022, Defendant issued several reprimands to Plaintiff, for instances dating back to July 2021.

24. These reprimands were retaliatory attempts to punish her for speaking out against the discrimination and harassment experienced in the workplace.

25. All of the instances that were alleged in the April 14, 2022 reprimand were either fabricated or did not rise to the level of workplace misconduct, including the fact that:

    a. Plaintiff was written up for brushing her teeth.

    b. Plaintiff was also written up for braiding her hair while on work time, which was factually impossible because it takes approximately 3-4 hours for Plaintiff to have her hair braided. Further, Farrugia had just had her hair professionally braided shortly before this incident.

    c. On a third instance, Plaintiff was written up for being in the breakroom while the slides were full of packages. This was again, false, as there were no packages on the slide when Plaintiff took her break.

## COUNT I
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT
## RACE DISCRIMINATION

26. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

27. Title VII of the Civil Rights Act of 1964 ("Title VII"), specifically 42 USC §2000e-2, provides that "it shall be an unlawful employment practice for an employer … to … discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race…"

28. Plaintiff was an employee of Defendant FedEx.

29. Defendant was Plaintiff's employer as that term is defined by Title VII.

30. Plaintiff is a member of a protected class because of her race.

31. Plaintiff was qualified for her position.

32. Plaintiff suffered adverse employment actions, including but not limited to, reprimands, discipline, write-ups, coaching and suspension.

33. The Defendant's stated reasons for the adverse employment actions were false.

34. The Defendant's stated reasons for the adverse employment actions were pretext for race discrimination.

5

35. Other employees, who were similarly situated to Plaintiff, engaged in the same or similar conduct, and were not subjected to the same adverse employment actions as Plaintiff.

36. Plaintiff was disciplined because of her race.

37. As a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act, Plaintiff has suffered damages, including, but not limited to: lost past and future wages, lost past and future employment benefits, loss of earning capacity and emotional distress.

<u>**COUNT II**</u>
<u>**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT**</u>
<u>**RETALIATION**</u>

38. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

39. Plaintiff engaged in protected activity when she opposed the race-based harassment that she suffered during her employment with Defendant.

40. Defendant knew of Plaintiff's protected activity.

41. Plaintiff suffered adverse employment actions, including, but not limited to: increased harassment, write-ups, and suspension.

42. There is a causal connection between the protected activity and the adverse employment actions.

43. As a result of the foregoing, Plaintiff has suffered damages, including but not limited to: lost past and future wages, loss of earning capacity and severe emotional distress.

**COUNT III**
**VIOLATION OF ELLIOTT LARSEN CIVIL RIGHTS ACT**
**RACIAL HARASSMENT**

44. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

45. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of Michigan's Elliott Larsen Civil Rights Act.

46. Plaintiff was harassed by Defendant's agents and employees throughout the course of her employment.

47. The harassment included, but is not limited to, unwelcome comments and conduct of an offensive nature directed at African American employees, and the creation of a hostile work environment.

48. Plaintiff complained about harassment, discrimination, and the events described above to FedEx's Managers, Supervisors, and Human Resources Department.

49. Defendant did not promptly remedy the ongoing racial harassment when Plaintiff complained.

7

50. Defendant permitted racial harassment to continue.

51. The conducts of Defendant's agents and employees in racially harassing Plaintiff constitutes race discrimination in violation of the ELCRA.

52. As a result of the foregoing, Plaintiff has suffered damages, including but not limited to: lost past and future wages, loss of earning capacity and severe emotional distress.

## COUNT IV
## VIOLATION OF ELLIOTT LARSEN CIVIL RIGHTS ACT
## RETALIATION

53. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

54. Plaintiff engaged in protected activity when she opposed the racial harassment that she suffered during her employment with Defendant.

55. Defendant knew of Plaintiff's protected activity.

56. Plaintiff suffered adverse employment actions, including, but not limited to: increased harassment, write-ups and suspension.

57. There is a causal connection between the protected activity and the adverse employment actions.

58. As a result of the foregoing, Plaintiff has suffered damages, including but not limited to: lost past and future wages, loss of earning capacity and severe emotional distress.

8

WHEREFORE, Plaintiff Iris Farrugia prays that this Honorable Court enter a judgment in her favor against Defendant Federal Express Corporation in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## **JURY DEMAND**

Plaintiff Iris Farrugia hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Lauren A. Gwinn*
ERIC STEMPIEN (P58703)
LAUREN A. GWINN (P85050)
Attorneys for Plaintiff

Dated:  March 20, 2023

9